**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 16-cv-9160 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| ERICK CHARLES ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, Erick Charles, brings this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, this Court denies that motion and declines to issue a certificate of appealability.

**Background**

The following are the general facts of this case, as set forth in the trial court record. In 2008, two cars traveling in opposite directions met in a narrow alley. The cars were unable to pass, and neither driver was willing to back out of the way. The situation became heated, and Charles ultimately exited his car, approached the other driver's car, and began shouting at her. He then lifted his shirt to reveal the handle of a gun sticking out of his waistband. The other driver called 911 and Charles left the alley. Responding officers spotted Charles, who matched the other driver's description, parked nearby. Upon seeing the officers, Charles exited his car and began walking towards them, which prompted the officers to handcuff him for their safety. The police interviewed the other driver, who identified Charles. A police sergeant then walked to Charles' car and looked inside the open driver's side door, where he saw a gun case. The sergeant reached inside the car and opened the gun case. The case contained a loaded semi-automatic pistol and ammunition. Additional ammunition was found between the seats of the car. Charles was subsequently arrested

1

and charged with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Prior to trial but after the pretrial motion deadline, Charles moved to suppress the evidence discovered in his car and his subsequent statements to police. Due to the late filing of the motion, Judge Andersen, who presided over the trial in Judge Zagel's absence, conducted a combined bench trial and suppression hearing. At the close of the proceeding, Judge Andersen granted the suppression motion with respect to the post-arrest statements, denied it with respect to the evidence recovered from the car, and found Charles guilty of the crime alleged. Judge Zagel subsequently granted Charles' motion for reconsideration of the suppression ruling and concluded that Charles' suppression motion should have been granted in its entirety, but that a new trial was not warranted because there remained sufficient evidence to support Charles' conviction. At sentencing Judge Zagel, relying on Charles' prior convictions for an armed robbery and two drug trafficking offenses, determined that Charles was an armed career criminal and accordingly sentenced him to the mandatory minimum of 180 months in prison.

Charles subsequently appealed his conviction and sentence, arguing that he should have been granted a new trial after Judge Zagel held that the gun and ammunition must be suppressed. The Seventh Circuit denied that argument, holding that a new trial was not warranted because Judge Andersen's original ruling on the suppression motion had been correct. Charles subsequently filed a petition for writ of certiorari, which was denied. He then filed the present action.

**Legal Standard**

A defendant is entitled to relief under section 2255 if "the courts find that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). A court must hold an evidentiary hearing on a section 2255 motion if the movant alleges facts that,

if proven to be true, would entitle the defendant to relief. *Id.* If the motion and the record conclusively show that the movant is not entitled to any relief, however, the court may deny the motion without an evidentiary hearing. *Id.*

Generally, before a court may consider a section 2255 petition, the claims brought in it must have been raised and exhausted on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). A claim not previously raised is procedurally defaulted, and a court may not consider it on habeas review unless the petitioner demonstrates either cause for the default and prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614, 630, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). The only exception to this requirement is that a petitioner may raise an ineffective assistance of counsel claim in a section 2255 petition regardless of whether or not the petitioner could have raised the claim on direct appeal. *Id.*

**Discussion**

Charles first contends that his trial counsel were constitutionally ineffective because they filed untimely pretrial and post-trial motions. Specifically, Charles contends that his defense counsel filed an untimely motion to suppress evidence, an untimely motion for judgment of acquittal pursuant to Rule 29(j), and an untimely motion for a new trial.

In order to show that trial counsel was ineffective, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 685, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to succeed on an ineffective assistance of counsel claim, a petitioner must prove both that (1) his counsel's performance fell below "an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

3

Here, it is undisputed that Charles' motion to suppress was untimely. Judge Andersen, however, did not deny that motion as untimely but instead combined the suppression hearing with trial and, at the close of the trial, granted that motion in part and denied it in part based on the merits of Charles' arguments. On appeal, the Seventh Circuit affirmed this ruling but noted that it was improper for Judge Andersen to combine the suppression hearing and the trial. Nevertheless, the Seventh Circuit held that Charles had not been prejudiced by this error. Because Judge Andersen considered Charles' motion on its merits and the Seventh Circuit expressly held that no prejudice resulted from combining the suppression hearing with trial, Charles has failed to establish that counsel's untimely filing of the suppression motion caused him any prejudice. *See Ballinger v. Warren*, No. 2:06-CV-13520, 2012 WL 1397413, at *9 (E.D. Mich. Apr. 23, 2012) ("The untimeliness of a motion does not prejudice a defendant, for purposes of establishing the ineffective assistance of counsel, when the trial court rejects the motion on the merits and not because it was untimely filed.").

Charles also argues that counsel filed an untimely motion to dismiss with prejudice under Rule 29. This Court assumes that the motion Charles is referencing is his Motion for Judgment of Acquittal, which counsel filed on January 15, 2010. That motion, however, was not untimely; at the close of trial Judge Andersen set January 15 as the post-trial motion deadline. Judge Andersen, moreover, considered that motion and denied it on the merits of its argument. Accordingly, Charles cannot establish constitutionally ineffective performance or prejudice with respect to that motion.

Finally, Charles argues that counsel was constitutionally ineffective in untimely filing his Motion for a New Trial. Although Judge Zagel did deny that motion as untimely, he also explained that even if he had not done so he would have denied the motion on the merits because the remaining evidence was sufficient to support Charles' conviction. On appeal, moreover, the Seventh Circuit expressly held that Charles was not entitled to a new trial. Accordingly, Charles

4

cannot demonstrate prejudice because even if his motion for a new trial had been timely he would not have prevailed. Charles therefore fails to establish that he was prejudiced by any of counsels' alleged errors. Accordingly, he is not entitled to relief based on counsels' allegedly ineffective assistance.

Charles next contends that Judge Andersen abused his discretion by partially denying his motion to suppress when Judge Zagel subsequently reconsidered that ruling and suppressed the evidence. The Court takes this argument to be a legal challenge to Judge Andersen's ruling. The only argument that Charles offers to advance this position, however, is the fact of Judge Zagel's contrary ruling. On direct appeal, the Seventh Circuit held that the evidence that Judge Zagel suppressed was properly admitted at trial, implicitly affirming Judge Andersen's analysis. Because Charles points to no changed circumstances calling the Seventh Circuit's ruling into question, this Court concludes that Judge Andersen's ruling did not constitute an abuse of discretion. *See Taylor v. United States*, 798 F.2d 271, 273 (7th Cir. 1986) ("In the absence of changed circumstances of fact or law, the court will not reconsider an issue already decided on direct appeal.").

Charles also contends that his sentence was unconstitutionally enhanced pursuant to the Armed Career Criminal Act's residual clause. The Armed Career Criminal Act provides a mandatory minimum sentence for individuals who violate 18 U.S.C. § 922(g) and who have three prior convictions for a violent felony or a serious drug offense. The statute defines violent felony as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another

18 U.S.C. § 924(e)(2)(B)

5

The United States Supreme Court, in *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), held that the residual clause of subsection (2)(B)(ii) is unconstitutionally vague. Charles argues that *Johnson* invalidates his sentence because one of his qualifying felonies, a 1986 armed robbery conviction, was only a qualifying offense under the residual clause. Charles, however, is incorrect in this assertion. The Illinois robbery statute under which Charles was convicted provided that "A person commits armed robbery when he or she violates Section 18-1 while he or she carries on or about his or her person, or is otherwise armed with a dangerous weapon. IL ST CH 38 ¶ 18-2 (1985). Section 18-1, in turn, provided that "A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force." IL ST CH 38 ¶ 18-1 (1985). Armed robbery at that time was a Class X felony punishable with a mandatory minimum sentence of 6 years imprisonment. IL ST CH 38 ¶ 1005-8-1(3) (1985). Thus, Charles' 1986 armed robbery conviction constituted a crime of violence pursuant to 18 U.S.C. § 924(e)(2)(B)(i) because it had as an element the use, attempted use, or threatened use of physical force against the person of another and was punishable by imprisonment exceeding one year. *United States v.* Carter, 910 F.2d 1524, 1532 (7th Cir. 1990). Charles' conviction under the Armed Career Criminal Act was therefore not dependent on the residual clause that was held unconstitutional in *Johnson*.

Finally, Charles' asserts that he cannot be prosecuted for possession of a firearm pursuant to *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009). Charles raised this claim repeatedly before the trial court, but failed to raise its denial in his direct appeal. Accordingly, this claim is procedurally defaulted. *Massaro*, 538 U.S. at 504. Despite this procedural default, this Court could nevertheless consider the petitioner's claim if Charles' motion established cause and prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Here, however, Charles has offered no explanation for his failure to raise his arguments under *Buchmeier* in

the Court of Appeals. Charles, moreover, does not argue that he is actually innocent. Accordingly, this Court cannot consider Charles' procedurally defaulted *Buchmeier* claim.

Under 28 U.S.C. § 2253(c), a petitioner must request a certificate of appealability in order to appeal a district court's denial of his section 2255 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336. In order to make such a showing, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* at 336. Charles fails to show that reasonable jurists would debate that his petition should be resolved differently. Accordingly, this Court declines to certify any issues for appeal.

**Conclusion**

For the foregoing reasons, Charles' section 2255 motion is denied and a certificate of appealability does not enter.


IT IS SO ORDERED.

Date: March 14, 2017

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

7