UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERICK CHARLES, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 16-cv-9160 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se petitioner Erick Charles asks the Court to reconsider the denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 pursuant to Federal Rule of Civil Procedure 60(b)(6). Because Charles' Rule 60(b)(6) motion is an unauthorized successive § 2255 petition, the Court does not have jurisdiction over Charles' newly-filed motion.

**Background**

Charles was charged in an indictment with one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). After his bench trial, the Court determined that Charles was an Armed Career Criminal and sentenced him to 180 months in prison, which was the mandatory minimum sentence. In his sentencing memorandum, Charles conceded that the criminal history set forth in the Presentence Investigation Report ("PSR") was accurate. Based on the PSR, Charles had at least six felony convictions at the time he was sentenced.

Charles filed a timely notice of appeal, after which the Seventh Circuit affirmed his conviction and sentenced. In September 2016, Charles filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 that the Court denied in March 2017. Charles now moves for reconsideration under Rule 60(b)(6) in light of the Supreme Court's decision in *Rehaif v. United States*, —— U.S. ——, 139 S. Ct. 2191, 2200, 204 L.Ed.2d 594 (2019), "where the Supreme Court held

that to be convicted of such a status offense, a defendant must have known 'he belonged to the relevant category of persons barred from possessing a firearm.'" *United States v. Payne*, 964 F.3d 652, 655 (7th Cir. 2020); *United States v. Maez*, 960 F.3d 949, 953 (7th Cir. 2020) (18 U.S.C. § 922(g) "prohibits convicted felons and several other classes of people from possessing firearms or ammunition.").

**Legal Standards**

"[A] federal prisoner is limited to one motion under section 2255 unless he receives permission to file a second or successive motion from the appropriate court of appeals." *Purkey v. United States*, 964 F.3d 603, 611 (7th Cir. 2020). "The criteria for authorization are draconian: they are met only if there is compelling newly discovered evidence of innocence or 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.'" *Id.* (quoting 28 U.S.C. § 2255(h)).

Rule 60(b)(6) allows a court to relieve a party from a final judgment for a number of exceptional reasons. *Adams v. United States,* 911 F.3d 397, 401 (7th Cir. 2018). In the context of § 2255 motions, a Rule 60(b)(6) motion cannot attack "the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). Moreover, "a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition." *Id.* at 534 (emphasis in original).

**Discussion**

In his Rule 60(b)(6) motion, Charles is asking the Court to review the merits of his § 2255 motion by setting forth a new basis for relief under *Rehaif*. Clearly, Charles is challenging the legality of his incarceration and seeks to be released, and thus the present motion is a successive § 2255

motion. Accordingly, he must first ask the Seventh Circuit if he can bring any such motion under 28 U.S.C. § 2254(h) before the Court can consider his new claim.

Nonetheless, under § 2254(h), Charles must show that *Rehaif* is a new rule of constitutional law that the Supreme Court has made retroactive on collateral review. To date, the Supreme Court has not made *Rehaif* retroactive on collateral review. And, the Circuit Courts that have considered this argument have concluded that *Rehaif* did not state a rule of constitutional law in the first instance. *See, e.g., In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020); *In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019). Instead, *Rehaif* clarified the elements of a § 922(g) violation. *United States v. Triggs, 963* F.3d 710, 712 (7th Cir. 2020).

On a final note, Charles conceded that the criminal history set forth in the Presentence Investigation Report ("PSR") was accurate and that he had at least six felony convictions when he was sentenced. Under the circumstances, it is implausible that Charles did not have knowledge of his status as a convicted felon. *See United States v. Dowthard*, 948 F.3d 814, 815 (7th Cir. 2020).

**Conclusion**

For the foregoing reasons, the Court denies Charles' Rule 60(b)(6) motion [26]. The Court also denies Charles' motion to expedite as moot [28].

IT IS SO ORDERED.

Date: 8/4/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

3